UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Beckley, <br> a/k/a Derrell Beckley, <br> <br> Plaintiff, <br> <br> vs. <br> <br> The United States, <br> <br> Defendant(s). <br> _____ | ) C/A No.: 2:14-146-DCN-BM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

      Plaintiff has filed this matter pro se. According to the Complaint, the event resulting in this lawsuit began on March 18, 2011, when he tripped on a sidewalk and skinned the right side of his forehead as he was on his way to the Veteran's Administration Medical Center ["VAMC"] for a sleep study.

      Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or



malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This court is also required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)(per curiam). Even when considered under this less stringent standard, however, the pro se Complaint filed in this case is subject to summary dismissal, as the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff admits he had been drinking on the date in question, and alleges that after he fell another veteran assisted him by helping him up and escorting him to the VAMC. Plaintiff alleges that when they entered through the emergency room, an officer was sitting at the door, who "remembered [him] from a few weeks ago." Plaintiff alleges that after he was bandaged, he and the other veteran headed for the bus stop, and that while waiting for the bus, Plaintiff "pulled off [his] book bag and got [his] bottle out. We had a drink..." Plaintiff alleges that when he tried to put the bottle back in his bag, the "VA police walked up and took the bottle," and he was told he was under arrest "for drinking on VA grounds." Plaintiff further alleges that the officer "poured out the bottle and put it in the garbage, [and] told us to head back to the ER." Plaintiff alleges that on the way back to the ER, he and the other veteran "were mad and talking crazy to each other. The police were walking about five feet behind us." Plaintiff alleges that "the next thing [he] knew, [he] was on the ground." Plaintiff claims that "[he] was no threat to [him]self or anybody around [him]." Plaintiff also admits, however, that he "threaten[ed] [the officer] and call[ed] him a lot of names, but all of



this happen[ed] after he dropped [Plaintiff] on [his] head."

Plaintiff alleges he now has headaches, for which he received Ibuprofen, and that a doctor later told him he had injured his "Trigeminal Nerve." According to the Plaintiff he was given different medication on May 30, 2012, but then ".. [his physician] forgot all about it." Plaintiff maintains he continued to have pain "until the [statute] of limitations ran out 18 March 2013." Plaintiff states that a month later, in April 2013, he received an MRI, and saw someone in a neurology department who told him he has "a bad nerve in there." Plaintiff claims that although "[t]hey knew this," nothing was done. Plaintiff seeks fifty million dollars for "excessive force, two years of pain and suffering and for the headaches [he will] have for the rest of [his] life."

Although Plaintiff does not specify the basis of his claim, he cannot pursue a damages claim for an alleged violation of a constitutional right against the United States. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Therefore, as the only named Defendant is the United States of America, it is presumed that Plaintiff is seeking relief pursuant to the Federal Tort Claims Act ["FTCA"]. The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the FTCA includes a limited waiver of the Government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met. See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005); see also Lane v. Pena, 518 U.S. 187, 192 (1996)

3



(stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign"). The pertinent provision of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Further, any tort claim against the United States is "forever barred" unless it "is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless [the] action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); see also 28 C.F.R. § 14.9(a).

Here, by Plaintiff's own admission, he has failed to satisfy the FTCA statute of limitations. Plaintiff notes that more than two years have passed since the event, and he fails to show or even allege that he filed an administrative claim with the Veteran's Administration in a timely manner. The burden of establishing subject matter jurisdiction over an FTCA claim lies with the Plaintiff, see Welch, 409 F.3d at 650-51, and when a plaintiff fails to follow the statutory exhaustion requirements, a federal district court lacks subject matter jurisdiction over the claim. See Plyler v. United States., 900 F.2d 41 (4th Cir. 1990); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Thus, this court lacks jurisdiction over Plaintiff's FTCA claims, because Plaintiff has failed to allege that he followed the statutory exhaustion requirements within the allotted time period and filed his complaint in a timely manner thereafter.

4



## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important NOTICE attached hereto.

March 28, 2014                                                         Bristow Marchant
Charleston, South Carolina                                    United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

